## DYER *a.* FOREST.

*New York Superior Court; General Term, December,* 1855.

STATUTE OF FRAUDS.—ACCEPTANCE OF GOODS.

When a party orders goods of a seller, for a third person, and directs them to be forwarded to such third person, evidence that they were delivered pursuant to the direction, either at the store of a factor, or on board of a vessel, &c., is sufficient (in the absence of proof of the return of the goods to the seller) to take the case out of the operation of the Statute of Frauds.

Appeal from a judgment of the Marine Court.

This was an action to recover for books sold and delivered to the defendant in 1851, by the firm of Mason & Law, by whom the claim was assigned to the plaintiff Dyer.

On the trial in the court below, the plaintiff introduced evidence to show that the defendant, William Forest, ordered the books in question at the store of Mason & Law, for his son, a member of the firm of Forest & Borden, doing business in California. It did not appear that the defendant when ordering the goods, disclosed the name or place of residence of his son. The defendant, it appeared, directed that the books should be sent to Harper & Brothers, by whom they were to be forwarded with other books ordered at that establishment, to California. The books were charged to the defendant, and sent to Harper & Brothers pursuant to the defendant's direction, and a bill made out and sent to the defendant.

The defendant introduced evidence to show that, on receiving from Mason & Law the bill in which the books were charged to himself, he returned it to them, notifying them that the books were not for him and that he would not be responsible for them; but this, as appeared from the weight of evidence, was after the books were sent to Harper & Brothers. It did not appear that the books were returned to Mason & Law.

The justice who tried the cause rendered judgment for the plaintiff for the amount claimed, and the defendant appealed.

The principal grounds of appeal were, that the judgment was against evidence, and that the claim of the plaintiff was void by the Statute of Frauds.

*F. A. Sherman*, for appellant.—There being neither a memorandum of the contract, nor a payment of purchase money, it must be made to appear that the defendant did " *accept and receive* part of the goods," (2 *Rev. Stats.* 4 *ed.* 317, § 3, *subd.* 2), otherwise the contract is void by the Statute of Frauds. Now there was no *acceptance* of these goods or of any part of them. Even if it was equivocal whether there was an acceptance or not, the contract is void. Mere words are not sufficient to constitute an acceptance of the goods, such as will take the case out of the statute ; something more is necessary. On the part of Mr. Forest, the defendant, nothing but words are shown, as evidence of acceptance. And the defendant has ever disavowed and denied that he ever bought the goods, or that he was ever responsible for them. He never accepted the goods, and never authorized any one to accept them for him. And if he had, he had a perfect right before the goods were forwarded, to reject and annul the whole transaction ; which was done by the return of the bill, and the notice given to Mason & Law. The judge in the court below has treated the case as if the word " accept" in the statute was of no importance, and as if proof that the son in California *received* the goods, was sufficient to render the defendant liable. But there must be not only a delivery by the seller, but an ultimate acceptance of the goods by the buyer ; and the acceptance must be evinced by unequivocal acts. (Shindler *v.* Houston, 1 *Comst.*, 261).

*Abbott Brothers*, for respondent.—I. Where one party orders goods to be delivered to another for the use of the latter, either party is liable whom the creditor at the time holds liable. The only question is, upon whose credit the goods were furnished ; which is a question of fact for the jury. (Storr *v.* Scott, 6 *Carr. & P.*, 241 ; *Chitty on Cont.*, 226 ; *Story on Agency*, 313, § 263 ; *Smith's Merc. Law*, 3 *ed.*, 212, § 7, and cases cited ; Dixon *v.* Frazer, 1 *E. D. Smith's*

*C. P. R.*, 32 ; Briggs *v.* Evans, *Ib.*, 192). The justice has found that the goods were sold on the credit of the defendant, and the court will not disturb his finding. It is moreover clearly correct upon the evidence, which shows conclusively that the goods were sold upon the credit of the defendant. He left the order for them. They were charged to him by Mason & Law on their books. The bill was made out in his name, and sent to him. And neither member of the firm of Mason & Law knew the name and address of the defendant's son in California.

II. It is conceded that the defendant gave the order for the books. He must have done so either as principal, purchasing for himself, or as agent for Forest & Borden. But to excuse himself from responsibility on the ground of agency, defendant must show " that he disclosed his principal, and that he acted on his behalf." (2 *Kent's Comm.*, 630 ; *Story on Agency*, 323, § 267 ; *Chitty on Com. & Man.*, 211 ; Mauri *v.* Hefferman, 13 *Johns. R.*, 58 ; Rathbone *v.* Budlong, 15 *Ib.*, 1 ; Bank of Rochester *v.* Monteath, 1 *Den.*, 402 ; Mills *v.* Hunt, 20 *Wend.*, 431, affirming S. C., 17 *Ib.*, 333.

III. The defendant cannot avail himself of the Statute of Frauds to relieve himself from responsibility. 1. The action is not to enforce a contract for the sale of goods, but in the nature of an action upon a *quantum valebant*, to recover their value. The contract may be void, or there may be no contract at all, yet the defendant will still be liable for the *fair value* of the goods. (Little *v.* Martin, 3 *Wend.*, 219 ; King *v.* Brown 2 *Hill.*, 485 ; Burlingame *v.* Burlingame, 7 *Cow.*, 92 ; Gary *v.* Hull, 11 *Johns. R.*, 490 ; Thomas *v.* Dickinson, 14 *Barb.*, 90). The cases in which a defendant has been absolved from liability by reason of the statute are exclusively cases in which the action has been brought to enforce performance of a contract, or to recover damages for the breach of a contract, or to recover money due by virtue of a special contract. This is neither. The action is on a *quantum valebant*. The prices of the goods were determined not by any contract, but by their reasonable value. 2. And if the action were upon contract, the objection would have availed the defendant nothing. The only acceptance of the goods re-

Dyer *a.* Forest.

quired by the statute is acquiescence. Richardson *v.* Dunn, 2 *C. B.*, 218 ; Chapman *v.* Morton, 11 *Mees & W.*, 534 ; Coleman *v.* Gibson, 1 *M. & Rob.*, 168 ; Bushel *v.* Wheeler, 8 *Jur.*, 532 ; and see Dennison *v.* Campbell, 1 *E. D. Smith's C. P. R.*, 144). The appellant has not referred to any case, and certainly can not refer to any, in which a purchaser of goods has been held absolved from liability by the Statute of Frauds, for want of proof of acceptance of the goods, when the goods have been delivered pursuant to his directions, and he has neither returned them nor offered to do so.

INGRAHAM, F. J.—Whether or not the books were sold to the defendant was a question of fact depending upon contradictory testimony, upon which a finding either for or against the defendant might be sustained. In such a case we do not interfere with the decision of the court below.

It is said, however, that the defendant, before the goods were delivered, notified the plaintiffs that he would not be liable for them. Undoubtedly before delivery in pursuance of the defendant's order, in a case where the contract is within the Statute of Frauds, the purchaser may decline to complete the purchase, and such refusal discharges him from liability if thereafter the vender still goes on to deliver the goods to the agent.

But the facts proven do not sustain that defence. First, it is uncertain at what time such notice was given. There is contradictory testimony from which it is doubtful whether such conversation related to the first or second application,— and even if it related to the first sale, it was not made until after the books had been delivered to Harper & Brothers, as ordered. A delivery in pursuance of the order, whether at the store of a factor, on board of a vessel, or to the purchaser himself, is a compliance with the order, and is an acceptance on the part of the purchaser, which, whether by him or by his agent, is sufficient to hold him liable. (Outwater *v.* Dodge, 6 *Wend.* 397).

I do not see any ground upon which the judgment can be reversed.

Judgment affirmed with costs.